UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAGNER ROMERO CURRICHICH TUMUX,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br><br>Respondent. | No. 1:26-cv-07049-DAD-CSK<br><br><u>ORDER DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND DENYING PETITIONER'S HABEAS PETITION WITHOUT PREJUDICE</u><br><br>(Doc. Nos. 1, 2) |

On September 3, 2026, the *pro se* petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Petitioner also filed a motion for temporary restraining order ("TRO") seeking immediate release from immigration custody. (Doc. No. 2.) On September 18, 2026, the court directed that if respondent opposed the court ruling on the underlying petition based on the current briefing before it, respondent was to so indicate in the opposition and provide substantive reasons in support of that position. (Doc. No. 5.)

Respondent then filed a response opposing petitioner's habeas petition and opposing petitioner's motion for a TRO. (Doc. No. 7.) In that opposition, respondent concedes that the Ninth Circuit's decision in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026) compels a finding that § 1226(a) governs petitioner's detention. (Doc. No. 7 at 2.) Nonetheless,

respondent argues that petitioner is not entitled to his immediate release. (*Id.* at 1–2.) Respondent expresses no opposition to the court ruling on petitioner's habeas petition based on the briefing currently before it and the court will do so.

Petitioner is a citizen of Guatemala. (Doc. No. 7-1 at 2.) He entered this country via a temporary work agriculture permit in 2018 but overstated that temporary work permit. (*Id.*). In December 2025, ICE detained petitioner where he remains to this day. (Doc. No. 1 at 1.) The government issued a notice to appear ("NTA") on December 29, 2025. (Doc. No. 7-2 at 1.) On January 5, 2026, an immigration judge ("(IJ") denied petitioner a change in custody status on the ground that he posed a flight risk. (Doc. No. 7-3 at 1.) Thereafter, on May 18, 2026, an IJ ordered petitioner removed. (Doc. No. 7-4 at 1.) That order of removal is currently on appeal to the Board of Immigration Appeals ("BIA").

This case marks the second time petitioner is before this court seeking release from immigration detention via a habeas petition. Less than two months ago, this court adopted the findings and recommendation of the magistrate judge and denied petitioner's previously filed habeas petition. More specifically, this court stated as follows:

> [P]etitioner contends that on May 18, 2026, an immigration judge ordered petitioner removed and that on May 26, 2026, petitioner appealed that order to the Board of Immigration Appeals. ([2:26-cv-00670-DAD-CSK Doc. No. 18] at 2.) He also contends that his detention has now exceeded six months and is therefore prolonged. (*Id.* at 3.) As to the first argument, the magistrate judge has already explained that appealing a removal order renders it not final such that petitioner is still detained pursuant to 8 U.S.C. § 1226(a), and accordingly his circumstances have not changed. (Doc. No. 17 at 3.) As to the second argument, petitioner has previously received an individualized bond hearing from which he did not appeal and appears to have not requested a second bond hearing on the basis of materially changed circumstances. The court finds persuasive and adopts the reasoning of the district court in *Expinoza-Gallo v. Chestnut*, No. 1:26-cv-01429-JLT-HBK (HC), 2026 WL 2295677, at *5–6 (E.D. Cal. Aug. 10, 2026), where the court found that a second bond hearing pursuant to § 1226(a) was not required by procedural due process because the petitioner could have pursued a direct appeal of the adverse decision or first requested a second bond hearing pursuant to 8 C.F.R. § 1003.19(e). *See also Caria Valenzuela v. Warden*, No. 1:26-cv-01249-DJC-SCR, 2026 WL 901337, at *4–5 (E.D. Cal. Apr. 2, 2026) (finding that the factors identified by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319 (1976) weighed against requiring a successive bond hearing where the petitioner had already received two bond hearings pursuant to §

> 1226(a)), *report and recommendation adopted*, No. 1:26-cv-01249-DJC-SCR, 2026 WL 1068588 (E.D. Cal. Apr. 20, 2026). The court therefore rejects petitioner's contention that due process requires a second bond hearing under the circumstances of this case.
>
> Petitioner also argues that the government bears the burden of demonstrating he is a flight risk by clear and convincing evidence and failed to do so. ([2:26-cv-00670-DAD-CSK] Doc. No. 18 at 5.) This is incorrect. Petitioner's bond hearing was conducted pursuant to § 1226(a) which places the burden on the noncitizen. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (describing that at an initial § 1226(a) hearing, the noncitizen bears the burden of persuasion by a preponderance of the evidence). Petitioner also argues that the Ninth Circuit has held that due process requires that a clear and convincing burden be placed on the government at an initial bond hearing pursuant to § 1226(a) (Doc. No. 18 at 4–5), but the Ninth Circuit has in fact held the opposite. *Rodriguez Diaz*, 53 F.4th at 1210–12 (holding that due process does not require that the government bear the burden at an initial bond hearing pursuant to 8 U.S.C. § 1226(a)).

*Curruchich Tumux v. Warden*, No. 2:26-cv-00670-DAD-CSK (HC), 2026 WL 2495019, at *1–2 (E.D. Cal. Aug. 25, 2026).

Petitioner's habeas petition in this case, however, raises a different issue than that presented in his prior habeas petition. As described by petitioner, this case involves his underlying mental health based on a medical evaluation after his first habeas case was decided. (Doc. No. 1 at 2.)

Here, as noted above, petitioner filed an appeal of the IJ's removal order and that appeal remains pending. That removal order is not yet final. *See* 8 C.F.R. § 1241.1(a) (stating that a removal order becomes final "[u]pon dismissal of an appeal by the Board of Immigration Appeals"); *see also Rojas-Lara v. United States*, No. 2:25-cv-02544-RFB-EJY, 2026 WL 172676, at *5 (D. Nev. Jan. 22, 2026) ("[B]ecause Petitioner timely appealed the IJ's November 26, 2025 removal order, and that appeal remains pending before the BIA, he is not subject to a final order of removal and is not detained under § 1231[.]") (citing *Avilez v. Garland*, 69 F.4th 525, 536–38 (9th Cir. 2023)). Furthermore, while petitioner asserts that he is in need of a proper medical evaluation and treatment, the record before the court does not suggest that he is at risk of significant harm that could possibly merit his immediate release from detention. Indeed, to the extent petitioner seeks other relief on this basis, his claim is improperly brought in this § 2241

action. *See, e.g., Malakhov v. Scott*, No. 2:26-cv-00646-JHC, 2026 WL 809881, at *3 (W.D. Wash. Mar. 24, 2026) (where petitioner failed to show that inadequate medical care made his immigration detention unconstitutional, the claim was "better read as attacking the conditions of his confinement (that those conditions harm his health) and not its fact or its duration," but "these types of claims, if they are intended as the sole means of release, cannot be brought via a habeas petition"); *Salazargarza v. Semaia,* No. 25-cv-05324-SB 2025 WL 3165160, at *3 n.2 (C.D. Cal. Oct. 3, 2025) ("To the extent Petitioner attempts to challenge the conditions of his confinement by arguing he is not receiving proper medical care, he cannot do so in a Section 2241 petition."), *report and recommendation adopted*, 2025 WL 3162330 (C.D. Cal. Nov. 12, 2025).

Given the present record, the court finds petitioner's argument that he should be granted habeas relief in the form of his release from confinement due to his medical conditions to be unpersuasive. Accordingly, petitioner's motion for a temporary restraining order and his habeas petition will be denied. To the extent that petitioner believes he is not receiving the proper medical care while in immigration custody, he is free to seek relief via a civil rights complaint. *See Ayala v. Lyons*, No. 1:26-cv-03173-DAD-CSK, 2026 WL 1493907, at *4 (E.D. Cal. May 28, 2026) ("Petitioner has only invoked this court's jurisdiction pursuant to § 2241, not § 1331. The court will therefore deny relief as to petitioner's claims five and six without prejudice because such claims may not be brought pursuant to § 2241."). Due to concerns regarding the length of petitioner's time in immigration custody, his pending habeas petition will be denied without prejudice.

For the reasons stated above,

1 Petitioner's petition for a writ of habeas corpus (Doc No. 1) is DENIED WITHOUT PREJUDICE;

/////

/////

/////

/////

/////

2. Petitioner's motion for a temporary restraining order seeking an order requiring his immediate release from immigration custody (Doc. No. 2) is DENIED; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 23, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE